**Samuel Kwame AMANKRAH,**
**Petitioner-Appellant,**

**v.**

**F. X. CHAVEZ, Respondent-Appellee.**

**No. 11-57060**

United States Court of Appeals,
Ninth Circuit.

Submitted April 11, 2017 *

Filed April 20, 2017

Samuel Kwame Amankrah, Pro Se

Andrew Mestman, Neru Joy Utomi, Esquire, Deputy Attorney General, Kevin Vienna, Supervising Deputy Attorney General, AGCA—Office of the Attorney General (San Diego), San Diego, CA, for Respondent-Appellee

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

**MEMORANDUM ****

California state prisoner Samuel Kwame Amankrah appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253. We review de novo the denial of a habeas corpus petition, *see Fairbank v. Ayers*, 650 F.3d 1243, 1250 (9th Cir. 2011), and we affirm.

Amankrah argues that the prosecutor made several remarks during closing argument that violated Amankrah's Fifth Amendment right not to testify under *Griffin v. California*, 380 U.S. 609, 615, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). The California Court of Appeal analyzed the prosecutor's entire closing argument and concluded that two of the comments were improper, but that the *Griffin* error was harmless under *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The state court's rejection of Amankrah's claim was not contrary to, nor an unreasonable application of, either *Griffin* or *Chapman*, nor an unreasonable determination of facts based on the evidence presented. *See* 28 U.S.C. § 2254(d); *see also Davis v. Ayala*, —— U.S. ——, 135 S.Ct. 2187, 2199, 192 L.Ed.2d 323 (2015). Moreover, given the significant evidence of his guilt at trial, Amankrah has not shown that the prosecutor's remarks had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (internal quotations omitted); *see also Davis*, 135 S.Ct. at 2198.

Amankrah's motion to present late new evidence is denied.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.